**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | | |
|---|---|---|
| THE CINCINNATI REDS LLC<br>100 Joe Nuxhall Way<br>Cincinnati, Ohio 45202, | : <br> : <br> : <br> : | Case No.: <br><br> Judge: |
| Plaintiff, | : <br> : | **COMPLAINT FOR** |
| | : | **DECLARATORY AND** |
| v. | : | **INJUNCTIVE RELIEF FOR** |
| | : | **VIOLATION OF DUE** |
| SEAN HENRY | : | **PROCESS [U.S. Const., Amend.** |
| 1004 Aberlea Valley Circle | : | **XIV, § 1]** |
| Piney Flats, Tennessee 37686 | : <br> : | |
| Defendant. | : | |

For its Complaint against Defendant Sean Henry ("Henry"), Plaintiff The Cincinnati Reds

LLC ("the Reds") states as follows:

**<u>INTRODUCTION</u>**

1.      The Due Process Clause of the Fourteenth Amendment to the United States

Constitution restricts a state's exercise of personal jurisdiction over out-of-state parties.  The

United States Supreme Court described those limitations in *International Shoe Co. v. Washington*,

326 U.S. 310, 316 (1946): a forum state may exercise jurisdiction over an out-of-state defendant,

only if certain minimum contacts exist between that party and the state such that "the maintenance

of an action in the state does not offend traditional notions of fair play and substantial justice."

*See also Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).

2.      The "minimum contacts" standard enunciated by *International Shoe Co.* was

refined in *Bristol-Myers Squibb Co. v. Superior Court of the State of California*, 137 S. Ct. 1773,

1779 (2017).  There, the Supreme Court held that "the primary focus of [a] personal jurisdiction

inquiry is the defendant's relationship to the forum State."  The Supreme Court explained the due

process mandate that personal jurisdiction may be exercised only if the claim at issue arises out of,

or relates to, the out-of-state defendant's conduct within the forum state. The Court held "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* at 1780 (internal citations omitted).

3.      The Supreme Court has also made clear that an out-of-state defendant's execution of a contract within the forum state does not, by itself, support the exercise of personal jurisdiction over that party. In *Bristol-Myers Squibb*, the Court concluded that "[t]he bare fact that [Bristol-Myers Squibb] contracted with a California distributor is not enough to establish personal jurisdiction in the state." *See Bristol-Myers Squibb*, 137 S. Ct. at 1783. This is consistent with long-established precedent, as the Supreme Court has held that "if the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot. The Court long ago rejected the notion that personal jurisdiction might turn on 'mechanical' tests . . . or on 'conceptualistic theories of the place of contracting or of performance.'" *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) (emphasis in the original).

4.      The Reds bring this action to dispute and contest Mr. Henry's attempt to have California exercise personal jurisdiction over it in a claim Henry filed against them with the California Workers' Compensation Appeals Board ("WCAB"). The Reds contend that the exercise of that jurisdiction violates the due process of law guaranteed by the Fourteenth Amendment to the United States Constitution.

## THE PARTIES

5.     The Reds are a limited liability company organized under the laws of the State of Delaware, which owns and operates a Major League Baseball team in Cincinnati, Ohio. Accordingly, its principal place of business is in Cincinnati, Ohio.

6.     Defendant Sean Henry is a resident of Piney Flats, Tennessee.  He has filed a claim against the Reds with the California WCAB and seeks to have that agency exercise personal jurisdiction over the Reds under *California Labor Code* Sections 3600.5(a) and 5305.  A true, complete, and accurate copy of Henry's claim is attached hereto as Exhibit "A" and is incorporated herein by reference.

## JURISDICTION AND VENUE

7.     The Reds allege that Henry's invocation of WCAB jurisdiction under *California Labor Code* Sections 3600.5(a) and 5305 violates its right to Due Process of Law under the Fourteenth Amendment to the United States Constitution.  Those code sections purport to empower the WCAB to exercise personal jurisdiction over out-of-state defendants in a manner that violates the Due Process Clause.

8.     This Court has jurisdiction over the dispute pursuant to 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

9.     Venue is proper in the Eastern District of Tennessee under 28 U.S.C. §1391(b)(1) because Henry resides within this District.  Additionally, a substantial part of the events giving rise to Henry's workers' compensation claim arose in this District, as Henry alleges before the California WCAB that he sustained "cumulative trauma" during the time he played for the Reds. Mr. Henry played 127 games for the Reds while assigned to the Reds' AA affiliate, the

Chattanooga Lookouts, which plays its home games in Chattanooga, Tennessee. In addition to playing games, Henry engaged in numerous practices and other team activities in Chattanooga while assigned to the Lookouts. After the Reds' AA affiliation changed from Chattanooga to the Carolina Mudcats in 2009, Henry was assigned to the Mudcats and played additional games in Chattanooga against the Lookouts, who were affiliated to another MLB franchise. Because of Mr. Henry's work for the Reds in Chattanooga, venue is also appropriate in the Southern Division of the Eastern District of Tennessee.

10.     The Reds have standing to bring this action because of Henry's invocation of WCAB jurisdiction over them under Sections 3600.5(a) and 5305 of the California Labor Code. Henry invoked that jurisdiction even though (a) the Reds do not have the requisite minimum contacts with California; (b) there is no affiliation between California and the underlying controversy; *i.e.*, Henry's alleged workplace injury; and (c) the mere fact the Reds assumed a contract Henry alleges to have signed with the Mets in California does not provide a constitutionally valid basis for California's exercise of personal jurisdiction over the Reds. Henry's baseless invocation of that jurisdiction has created an imminent, concrete, and irreparable risk of harm to the Reds' business, goodwill, and reputation.

11.     The Reds seek declaratory and injunctive relief, pursuant to 28 U.S.C. §§ 2201 and 2202. The Court is empowered to grant such relief pursuant to Federal Rules of Civil Procedure, Rules 57 and 65.

## FACTUAL ALLEGATIONS

12.     The Reds are not based in California and do not have minimum contacts with the State of California:

(a)     The Reds were not organized, and do not exist, under California law;

(b)    The Reds are domiciled in Cincinnati, Ohio, where they maintain their principal place of business;

(c)    The Reds do not maintain, and never have maintained, a business facility or telephone number in California;

(d)    The Reds do not own, rent, or lease any real or personal property in California;

(e)    The Reds do not maintain any bank accounts in California;

(f)    The Reds do not have, or hold, any licenses or permits issued by any California state governmental entity;

(g)    The Reds do not have any owners, members, officers, or directors who reside in California; and

(h)    The Reds do not advertise or solicit business in California.

13.    The Reds employed Henry as a professional athlete between 2007 and 2010. During his employment as a professional athlete in the Reds organization, Henry:

(a)    did not play a single baseball game for the Reds in California;

(b)    did not participate in a single baseball practice for the Reds in California; and

(c)    exclusively performed his work-related duties for the Reds outside of California.

14.    *California Labor Code* Section 3600.5(a) provides, in relevant part, "[i]f an employee who has been hired . . . in the state receives personal injury by accident arising out of and in the course of employment outside of this state, he or she . . . shall be entitled to compensation according to the law of this state." Section 3600.5(a) does not require that an employee's injury

occur in California or that the injury arise out of, or relate to, the out-of-state defendant's conduct in California. Section 3600.5(a) utterly ignores the Due Process mandate that personal jurisdiction be exercised over an out-of-state defendant only if the underlying controversy arises out of or relates to that defendant's conduct in the forum state. *Bristol-Myers Squibb Co.*, *supra.*

15.     *California Labor Code* Section 5305 similarly provides that the WCAB has jurisdiction over all injuries which occur outside of California, simply because an employment contract was executed in California. As with Section 3600.5(a), this section does not require that an employee's injury occur in California, or that an out-of-state employer have any contact with California (aside from executing a contract for hire in California), before the WCAB may exercise jurisdiction over an out-of-state employer.

16.     Sections 3600.5(a) and 5305 deprive out-of-state employers of Due Process. Both sections purport to empower the WCAB to exercise personal jurisdiction over an out-of-state employer, even if the employer's sole connection to California is the execution of an employment contract in California. Thus, those two code sections endow the WCAB with jurisdiction even if the claim is thoroughly unrelated to any activity conducted by the out-of-state defendant in California. That exercise of jurisdiction is incompatible with the traditional notions of fair play and substantial justice required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

17.     Henry's claim vividly demonstrates the constitutional flaws of the jurisdiction purportedly conferred upon the WCAB by Sections 3600.5(a) and 5305. Henry exclusively performed all of his work-related duties for the Reds outside of California. Moreover, he admitted that he sustained his work-related injury in Florida. Thus, Henry's claim for benefits did not arise out of, or relate to, any conduct by the Reds in California. Nevertheless, under Sections 3600.5(a)

and 5305, the Reds are being forced to defend Henry's claim in a foreign venue with no jurisdictional tie to his work injury rather than being allowed the right to defend his claim in a state where personal jurisdiction over the Reds does not violate the Reds' due process rights.

## **COUNT ONE**

(FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§ 2201 & 2202 FOR VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT)

18.    The Reds incorporate by reference their allegations set forth in Paragraphs 1 through 17 above, as if fully-restated herein.

19.    As demonstrated in the allegations above, an actual controversy within this Court's jurisdiction exists for which it may declare the rights and other legal relations of the parties.

20.    Under the Due Process Clause of the Fourteenth Amendment, no state shall "deprive any person of life, liberty, or property, without due process of law."

21.    Administrative agencies are subject to the constraints of due process. *See Federal Insurance Co. v. Workers' Compensation Appeals Board (Johnson)*, 221 Cal. App. 4th 1116 (2013)*; Withrow v. Larkin*, 421 U.S. 35 (1975); *Beverly Hills Multispecialty Group, Inc. v. Workers' Compensation Appeals Board, et al.*, 26 Cal. App. 4th 789 (1994).

22.    Plaintiff seeks (1) a declaration that *California Labor Code* §§ 3600.5(a) and 5305 violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution on their face or, alternatively, as they pertain to the claim which Henry has filed against the Reds with the WCAB; and (2) an order of this Court enjoining Henry from prosecuting the claim he has filed against the Reds with the WCAB.

23.    The Reds will sustain irreparable harm – *i.e.*, a violation of its rights under the U.S. Constitution, if injunctive relief is not granted.

WHEREFORE, the Reds pray for the following relief:

1.    A declaratory judgment that *California Labor Code* § 3600.5(a), which provides that "an employee who has been hired" in California, without regularly working in California, is "entitled to workers' compensation upon personal injury by accident arising out of and in the course of employment outside of this state," is invalid and unconstitutional on its face or, alternatively, as applied to the claim which Henry has filed against the Reds with the WCAB;

2.    A declaratory judgment that *California Labor Code* § 5305, which provides that the WCAB has jurisdiction over all "injuries suffered outside the territorial limits of this state in those cases where the injured employee is a resident of this state at the time of injury and the contract for hire was made in this state," is invalid and unconstitutional on its face or, alternatively, as applied to the claim which Henry has filed against the Reds with the WCAB;

3.    That Henry be permanently restrained and enjoined from prosecuting the claim he has filed against the Reds with the WCAB, under *California Labor Code* § 3600.5(a), which provides that "an employee who has been hired" in this state, without regularly working in the state, is "entitled to workers' compensation upon personal injury by accident arising out of and in the course of employment outside of this state;"

4.    That Henry be permanently restrained and enjoined from pursuing the claim he has filed against the Reds with the WCAB, under *California Labor Code* § 5305, which provides that the WCAB may exercise jurisdiction over all "injuries suffered outside the territorial limits of this state in those cases where the injured employee is a resident of this state at the time of injury and the contract for hire was made in this state."

5.    For costs and attorney fees; and

6.    For such other and further relief as this Court deems just and proper.

Respectfully submitted, October 11, 2021,

*/s/ Joseph N. Tucker*

Joseph N. Tucker, Esq.
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Tel:  (502) 540-2300
Fax:  (502) 585-2207
joseph.tucker@dinsmore.com

*Attorneys for Plaintiff The Cincinnati Reds LLC*

OF COUNSEL:

Peter J. Georgiton, Esq.
Joshua R. Cartee, Esq.
DINSMORE & SHOHL LLP
191 W. Nationwide Blvd., Suite 300
Columbus, Ohio 43215
Tel:  (614) 628-6963
Fax:  (614) 628-6890
peter.georgiton@dinsmore.com
joshua.cartee@dinsmore.com

Timothy Peterson, Esq.
BOBER, PETERSON & KOBY LLP
2603 Main Street, Suite 1100
Irvine, California 92614
Tel:  (213) 459-0001
tim@bpkfirm.com

9